UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIMANPREET UPPAL,<br><br>Plaintiff,<br><br>v.<br><br>CVS PHARMACY, INC., et al.,<br><br>Defendants. | Case No.  14-cv-02629-VC<br><br>**ORDER AND JUDGMENT GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Re: Dkt. Nos. 39, 40 |

The Parties came for hearing on Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement on March 3, 2016 at 10:00 a.m. in the District Court for the Northern District of California, the Honorable Vince Chhabria presiding.  The proposed settlement in this case was preliminarily approved by this Court on September 11, 2015.  Pursuant to the Court's Preliminary Approval Order and the Notice provided to the Class, the Court conducted a final fairness hearing as required by Federal Rule of Civil Procedure 23(e).  The Court has reviewed the materials submitted by the Parties and has heard arguments presented by counsel at the hearing.

For the reasons cited herein, the Court hereby grants final approval of the Settlement based upon the terms set forth in the Preliminary Approval Order and the Settlement Agreement filed by the Parties.  The Settlement appears to be fair, adequate, and reasonable to the Settlement Class.

1. Except as otherwise specified herein, for purposes of this Order, the Court adopts and incorporates by reference all defined terms set forth in the Settlement Agreement.

2. The Court finds that this Settlement satisfies the requirements for class action settlement under Rule 23 and further finds that the Settlement Class has at all times

been adequately represented by the Named Plaintiff and Class Counsel.

3.   The Notice approved by the Court was provided by First Class direct mail to the last known address of each of the individuals identified as Class Members, after first processing such addresses through the U.S. Postal Service change-of-address database, as stated in the declaration of the Claims Administrator.  In addition, follow-up efforts were made to send the Notice to those individuals whose original notices were returned as undeliverable.  Efforts were also made to contact Settlement Class Members by telephone and e-mail.  The Notice adequately described all of the relevant and necessary parts of the proposed Settlement Agreement, the request for service payments to the Class Representative, and Class Counsel's request for an award of attorneys' fees and costs.

4.   The Court finds that the Notice given to the Settlement Class fully complied with Rule 23, was the best notice practicable, satisfied all constitutional due process concerns, and provides the Court with jurisdiction over the Settlement Class Members.

5.   The Court has concluded that the Settlement, as set forth in the Settlement Agreement executed by the Parties, is fair, reasonable, and adequate under state and federal laws, including the Fair Labor Standards Act 29 U.S.C. § 201 et seq.  The Court finds that the uncertainty and delay of further litigation support the reasonableness and adequacy of the $2,350,800 Settlement Fund established pursuant to the Settlement Agreement.

6.   Out of the identified Settlement Class Members who were notified, none have objected to any aspect of the proposed Settlement, and only four have opted out of the proposed Settlement.  The reaction of the Settlement Class to the proposed settlement strongly supports the conclusion that the proposed Settlement is fair, reasonable, and adequate.

7.   The Settlement is HEREBY APPROVED in its entirety and the releases encompassed

therein are effectuated.

8.  The Settlement Fund shall be dispersed in accordance with the Settlement Agreement as detailed in the Motion for Preliminary Approval of Class Action Settlement, granted on September 11, 2015.

9.  Representative Plaintiff Rimanpreet Uppal is hereby awarded $10,000 for her time and effort in pursuing this litigation, and in recognition of the broader release she has signed and the hardship she faced in representing the class.

10. Plaintiff's application for attorneys' fees in the amount of $783,600 and reimbursement of litigation costs in the amount of $20,494.11 is hereby granted in part as follows.  Plaintiff is awarded $587,700 in attorney's fees, in keeping with the Ninth Circuit's 25% benchmark for attorney's fees in common fund cases.  *See, e.g.*, *Staton v. Boeing Co.*, 327 F.3d 938, 968 (9th Cir. 2003) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998)).  Plaintiff's application for reimbursement in the amount of $20,494.11 is granted.  Further, the Court approves payment of up to $23,290.08 for the Settlement Administrator, Kurtzman Carson Consultants LLC, or, in the event that there will be a second distribution to Settlement Class Members from unclaimed funds, if any, payment of up to $28,815.08 for the Settlement Administrator.

11. The Court approves the *cy pres* recipient agreed to by the Parties: Legal Aid Society-Employment Law Center, whose charitable work the Court finds is sufficiently related to the class and the underlying claims.  *See Dennis v. Kellogg Co.*, 697 F.3d 858, 865-66 (9th Cir. 2013).

12. The Court finds and determines that payment to the California Labor and Workforce Development Agency of $5,500 as its share of the settlement of civil penalties under the Private Attorney General Act in this case is fair, reasonable, and appropriate.  The Court hereby gives final approval to and orders that the payment of that amount be paid out of the Settlement Fund in accordance with the Settlement Agreement.

13. Neither this Order nor the Settlement Agreement constitutes an admission or concession by any of the released Parties of any fault, omission, liability or wrongdoing.  This Order is not a finding of the validity or invalidity of any claims in this action or a determination of any wrongdoing by the Defendants.  The final approval of the Settlement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiff, Defendants, or the Class Members.

14. The Court hereby enters Judgment approving the terms of the Settlement.  This document shall constitute a final judgment with respect to the Claims of the Settlement Class for purposes of Rule 58 of the Federal Rules of Civil Procedure, and the Settlement Class Members are barred and permanently enjoined from initiating or prosecuting the Released Claims as defined in the Agreement.

15. The claims of the Settlement Class Members are hereby DISMISSED WITH PREJUDICE, with each party to bear his, her, or its own costs, except as set forth herein, and with this Court retaining exclusive jurisdiction to enforce the Settlement Agreement, including jurisdiction regarding the disbursement of the Settlement Fund.

**IT IS SO ORDERED.**

Dated:  March 10, 2016

_____
VINCE CHHABRIA
United States District Judge